# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLONY INSURANCE COMPANY<br><br>   Plaintiff,<br><br>v.<br><br>EPLUS SOLUTIONS LLC; SAGE BUILDERS LLC; and JONATHAN KANTAR,<br><br>   Defendants. | CIVIL ACTION NO.  1:18-cv-11227 |

## COMPLAINT FOR DECLARATORY RELIEF

### PRELIMINARY STATEMENT

1. Plaintiff Colony Insurance Company ("Colony") seeks a declaration, pursuant to 28 U.S.C. § 2201, that Defendants Eplus Solutions LLC, Sage Builders LLC, and Jonathan Kantar, resident agent of Eplus Solutions LLC and Sage Builders LLC ("Kantar") (collectively "Defendants") are not entitled to insurance coverage for the claims asserted in the matter of Killian, et al. v. Sage Builders LLC, et al., Civil Action Number 1784-CV-02274, Commonwealth of Massachusetts, Superior Court, Suffolk County (the "Underlying Lawsuit").

2. In the Underlying Lawsuit, the Plaintiffs assert claims for negligence and loss of consortium and seek damages from Defendants, as a result of injuries sustained by Edward Killian while working in the course of his employment for Placetailor, Inc. ("Placetailor").

3. There is no coverage for the Underlying Lawsuit under the applicable Colony policy issued to Eplus because conditions precedent to coverage were not met.

## PARTIES

4. Colony is a corporation duly organized under the laws the Commonwealth of Virginia, with its principal place of business in the Commonwealth of Virginia.

5. Eplus Solutions LLC ("Eplus") is organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts. Eplus is a named defendant in the Underlying Lawsuit.

6. Sage Builders LLC ("Sage") is organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in the Commonwealth of Massachusetts. Sage is a named defendant in the Underlying Lawsuit.

7. Jonathan Kantar, resident agent of Eplus and Sage, has a business address 672 Chestnut Street, Town of Waban, County of Middlesex, Commonwealth of Massachusetts. Mr. Kantar is named defendant in the Underlying Lawsuit solely in his capacity as resident agent of Eplus and Sage.

## JURISDICTION

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff Colony and Defendants, and as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000). Colony and Defendants are and have at all relevant times been citizens of different states.

9. This Court has personal jurisdiction over this matter as the Defendants: (a) transact business in the Commonwealth of Massachusetts; (b) contract to supply services in the Commonwealth of Massachusetts; (c) allegedly caused tortious injury by an act or omission in

the Commonwealth of Massachusetts; and (d) are domiciled in, organized under the laws of and/or maintain their principal place of business in this Commonwealth.

10. An actual controversy exists between Colony and Defendants as to the rights and responsibilities of the parties under a contract of insurance, and thus, this Court may declare the rights and legal obligations of the parties pursuant to 28 U.S.C. § 2201.

## VENUE

11. Venue is appropriate in the District of Massachusetts under 28 U.S.C. § 1391 because Defendants reside in this judicial district and/or a substantial part of the events or omissions giving rise to this Complaint occurred within this judicial district. Colony can sue and be sued in this judicial district.

## FACTS

### THE UNDERLYING LAWSUIT

12. On July 19, 2017, Edward Killian, Jessica Killian, and Edward and Jessica Killian on behalf of their minor children, Judah and Matea Killian, filed the Underlying Lawsuit against: (i) Sage; (ii) Eplus; (iii) Jonathan Kantar, as resident agent of Eplus and Sage; (iv) Transformations, Inc.; and (v) Robert Carter Scott, as resident agent of Transformations, Inc. A true and accurate copy of the complaint and amendment to the complaint is attached hereto as Exhibit A.

13. The Underlying Lawsuit alleges that, on December 20, 2016, while under the Defendants' control and supervision, Edward Killian was performing construction work for a project located in the area of 152 to 158 Highland Street, Roxbury (Boston), Massachusetts (the "Project"), on behalf of his employer, Placetailor, which was hired to work on the Project. Exhibit A at ¶ 7, 11.

301824339v1 1003958

14. The Underlying Lawsuit alleges that at all relevant times, Sage served as the general contractor for the Project. Exhibit A at ¶ 8.

15. The Underlying Lawsuit alleges that at all relevant times, Eplus was the redeveloper for the Project. Exhibit A at ¶ 10.

16. The Underlying Lawsuit alleges that Mr. Killian was standing on a large metal plank known as a "pick," which was supported by a series of wall brackets, when one or more of the brackets broke free from its position, causing the entire pick to collapse and Mr. Killian to fall approximately 20 feet to the ground. Exhibit A at ¶ 12.

17. The Underlying Lawsuit alleges that as a result of the fall, Mr. Killian suffered bodily injury. Exhibit A at ¶ 13.

18. The Underlying Lawsuit alleges that each Defendant breached its duty to ensure that proper safety measures were taken during construction of the Project. Exhibit A at Counts I through V.

19. The Underlying Lawsuit seeks damages in excess of $106,604.52. Exhibit A at Civil Action Cover Sheet.

20. The Underlying Lawsuit asserts claims for negligence and loss of consortium against each of the defendants. Exhibit A at Counts I through XV.

**COLONY'S RESERVATION OF RIGHTS TO EPLUS**

21. Colony received notice of the Underlying Lawsuit on September 5, 2017.

22. Colony assigned the defense of Eplus and Kantar (in his capacity as resident agent of Eplus) to the law firm of Morrison Mahoney LLP, which appeared in the Underlying Lawsuit on their behalf on September 22, 2017.

301824339v1 1003958

23. Colony thereafter continued to investigate the Underlying Lawsuit and insurance coverage for it.

24. On December 5, 2017, Colony sent a letter to Eplus and Kantar, advising them of Colony's coverage position and that Colony had agreed to provide Eplus and Kantar with a defense for the time being, but reserved its rights to deny coverage and withdraw its defense of Eplus and Kantar for the reason set forth in the letter. A true and accurate copy of the reservation of rights letter to Eplus and Kantar is attached hereto as Exhibit B.

25. Colony specifically reserved its right to seek reimbursement of any fees and costs incurred by Colony for the defense of Eplus and Kantar in the Underlying Lawsuit in the event it was determined that there was never any coverage for the Underlying Lawsuit. Exhibit B.

**COLONY'S DENIAL OF COVERAGE FOR SAGE**

26. Sage and Kantar (in his capacity as resident agent of Sage) are being defended against the Underlying Lawsuit by the law firm of Hassett & Donnelly, P.C., under a separate policy issued to Sage.

27. On December 21, 2017, defense counsel for Sage and Kantar sent an email to Eplus' defense counsel, requesting a copy of the applicable Colony policy and that Eplus assume the defense of Sage and Kantar, pursuant to the indemnity provisions of the Eplus Limited Liability Company Agreement with Sage.

28. On March 22, 2018, Colony sent a letter to Sage's defense counsel, advising that, based on the currently available information, coverage under the Colony policy was not available for Sage or Kantar (in his capacity as resident agent of Sage) for the Underlying Lawsuit and Colony therefore was unable to provide them with a defense. A true and accurate copy of the letter to Sage is attached hereto as Exhibit C.

5

### THE COLONY POLICY

29. Colony issued Eplus a Commercial General Liability Policy, Policy No. 103 GL 0015821-00, with an October 20, 2016 to October 20, 2017 policy period (the "Colony Policy"). A true and accurate copy of the Colony Policy is attached hereto as <u>Exhibit D</u>.

30. "Section I – Coverages, Coverage A – Bodily Injury … Liability," of the Colony Policy contains the following relevant Insuring Agreement:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. …

31. The Colony Policy includes Endorsement U658-0315, which states:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
> **NO COVERAGE APPLIES IF CONTRACTOR CONDITIONS NOT MET**
>
> **A. SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended and the following added:
>
> **No Coverage Applies If Contractor Conditions Not Met**
>
> As a condition precedent to any rights the insured may have under this Policy, the insured must comply with all of the conditions enumerated below. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.
>
> If prior to the commencement of any work, the insured fails to comply with the below conditions, any claim in which a "contractor" whose work directly or indirectly gives rise to the claim will not be payable under this Policy. We will have no obligation to either defend or indemnify the insured for any claims or legal actions brought against any insured.
>
> The insured hereby warrants and agrees that any "contractor" has complied with all of the following conditions prior to the

commencement of any work performed:

**(1)**   The "contractor" has signed and executed an agreement with the insured which contains the following provisions:

   **(a)**   a hold harmless agreement indemnifying the insured, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor," including all expenses and legal fees incurred to defend claims alleging such losses; and

   **(b)**   a requirement for the "contractor" to name the insured as an Additional Insured under their Commercial General Liability policy;

**(2)**   The "contractor" has maintained "adequate insurance;"

**(3)**   The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

**(4)**   All documents required must be kept on file and made available at our request.

Nothing contained herein shall be held to vary, waive or extend any of the terms of the conditions, provisions, agreements or limitations of this Policy other than as stated below.

**B.**  As used in this endorsement, **SECTION V–DEFINITIONS** is amended to include the following:

1.   "Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier with an A.M. Best rating of not less than A- VII and which:

   a.   remains in force and effect from the date in which the contract for work being performed for the insured or on the insured's behalf is executed until the date in which the work is completed and the insurance is not cancelled, discontinued nor does not expire during this period of time;

   b.   provides Commercial General Liability Limits of

          Insurance for such operations that are equal to or greater than the following Limits of Insurance;

             i. Each Occurrence Limit: $2,000,000
            ii. General Aggregate Limit: $3,000,000
           iii. Products/Completed Operations Aggregate Limit: $3,000,000

    c. provides Workers' Compensation and Employer's Liability insurance in compliance with the statutes of the applicable state;

    d. includes coverage for work being performed for the insured or on the "contractor's" behalf;

    e. does not exclude any claim, suit, loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor" where the exclusion does not provide an exception for liability assumed by the insured under an "insured contract;"

    f. does not contain any conditions or provisions that preclude coverage based on requirements for hiring or contracting with subcontractors or independent contractors; and

    g. does not exclude any claim, suit, loss, cost or expense arising out of any "bodily injury" or "property damage" arising out of work being contracted to be performed by or performed by the "contractor."

2. "Contractor" means contractors, subcontractors, independent contractors or any other person or entity hired to perform work for the insured or on the insured's behalf.

3. "Worker" means any "employee", "temporary worker", "leased worker", volunteer, apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired or retained by them, that performs work, whether directly or indirectly, for any "contractor."

301824339v1 1003958

32. "Section II – Who Is An Insured" of the Colony Policy provides, in relevant part:

   1. If you are designated in the Declarations as: …

      c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as their managers. …

33. Eplus, Colony's named insured, is a limited liability company.

34. Upon information and belief, Sage is, or was during the relevant time period, a manager and member of Eplus, and Sage's involvement with the Project was solely as Eplus' manager and/or managing member, such that Sage is an insured under the Colony Policy.

## COUNT I

### DECLARATORY JUDGMENT – COVERAGE VOID DUE TO FAILURE TO SATISFY CONDITIONS PRECEDENT

35. The allegations set forth in paragraphs 1 through 34 above are re-alleged and incorporated as if fully set forth herein.

36. Coverage under the Colony Policy was subject to Endorsement U658-0315, No Coverage Applies If Contractor Conditions Not Met.

37. Endorsement U658-0315 is an unambiguous and enforceable condition precedent to coverage under the Colony Policy.

38. Endorsement U658-0315 uses the precise words "condition precedent," and expressly states "no coverage applies if contractor conditions not met," that "any claim in which a 'contractor' whose work directly or indirectly gives rise to the claim will not be payable under" the Colony Policy, and that Colony "will have no duty to defend or indemnify the insured for any claims or legal actions brought against any insured."

39. The conditions precedent to coverage set forth in Endorsement U658-0315 must be satisfied in order for policy to attach to any such claim.

40. Placetailor is a "contractor," as defined in Endorsement U658-0315, because it was a contractor and/or entity, specifically, the general contractor, hired to perform work for Eplus, , and on its behalf.

41. Mr. Killian is a "worker," as defined in Endorsement U658-0315, because he was an employee of and performing work for Placetailor, a "contractor."

42. As a condition precedent to coverage, Endorsement U658-0315 required that Placetailor obtain a policy (or policies) of insurance, with a $2,000,000 per occurrence limit, which included Eplus as an additional insured and which covered claims for injuries to Placetailor's employees, such as Mr. Killian.

43. Placetailor, however, did not have a policy (or policies) as required by Endorsement U658-0315 at the time of Mr. Killian's December 20, 2016 accident.

44. In fact, Placetailor's insurer disclaimed coverage under an endorsement barring coverage for injuries to an employee of its insured.

45. Placetailor's policy, therefore, violated the conditions precedent in Colony Policy Endorsement 658-0315, namely that a "contractor," such as Placetailor, "maintain adequate insurance" that does not exclude claims "arising out of any 'bodily injury' to any 'worker' of the 'contractor.'"

46. Because conditions precedent in Endorsement U658-0315, as described above and otherwise, were not met, there is no coverage for the Underlying Lawsuit and a contractual duty to defend or indemnify never existed.

301824339v1 1003958

47.  Colony seeks a declaration that Eplus, Sage and Kantar are not entitled to insurance coverage for the Underlying Lawsuit—and, thus, Colony does not have a duty to defend Sage or Kantar (in his capacity as resident agent of Sage), to continue defending Eplus or Kantar (in his capacity as resident agent of Eplus), or to indemnify any of them in the Underling Lawsuit—because conditions precedent in Endorsement U658-0315 were not met.

## COUNT II

### DECLARATORY JUDGMENT – REIMBURSEMENT OF PAID DEFENSE EXPENSES

48.  The allegations set forth in paragraphs 1 through 47 above are re-alleged and incorporated as if fully set forth herein.

49.  For the reasons set forth above, Colony does not, and did not at any point, have a duty to defend Eplus or Kantar under the Colony Policy for the Underlying Lawsuit.

50.  Colony agreed to provide a defense to Eplus and Kantar in the Underlying Lawsuit subject to a complete reservation of rights, including Colony's right to reimbursement of all defense fees paid towards non-covered claims. See Exhibit B.

51.  Since there is no coverage for the Underlying Lawsuit, Colony is entitled to obtain reimbursement from Eplus and Kantar for all past, present, and future defense costs Colony has paid or will pay in the Underlying Lawsuit.

## PRAYERS FOR RELIEF

WHEREFORE, Colony respectfully requests that this Honorable Court adjudicate and declare the rights of the Parties, and that this Court:

(a)  Find that Colony has no duty to continue defending or to indemnify Eplus in the Underlying Lawsuit;

(b)  Find that Colony has no duty to defend or indemnify Sage in the Underlying Lawsuit;

    (c)    Find that Colony is entitled to recovery of any defense expenses paid on behalf of Eplus and Kantar; and

    (d)    Grant such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Colony hereby requests a trial by jury on all triable issues.

 

Plaintiff,
COLONY INSURANCE COMPANY,

By Its Attorneys,

Dated: June 12, 2018

*/s/ Valerie N. Doble*
David A. Grossbaum, BBO No. 546020
  dgrossbaum@hinshawlaw.com
Valerie N. Doble, BBO No. 663880
  vdoble@hinshawlaw.com
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001