# EXHIBIT B

 COLONY SPECIALTY

December 5, 2017

Jonathan Kantar
EPlus Solutions LLC
672 Chestnut Street
Waban, MA  02468

Re:    Named Insured:    EPlus Solutions LLC
        Insurer:    Colony Insurance Company
        Policy:    103 GL 0015821-00 (effective date 10/20/16 to 10/20/17)
        Claimants:    Edward A. Killian, Jessica Killian, Judah Killian and Matea Killian
        Claim No.:    L-099-1008993

Dear Mr. Kantar:

The purpose of this letter is to advise you as to the present coverage position of Colony Insurance Company ("Colony") in response to your notice on behalf of EPlus Solutions LLC and you "as resident agent of EPlus" (we refer to you and EPlus Solutions LLC collectively as "EPlus") to Colony of the lawsuit captioned, Edward Killian, Jessica Killian, individually and as parents and next friends of their minor children, Judah Killian and Matea Killian vs. Sage Builders, LLP, Jonathan Kantar individually, Transformations Inc., Robert Carter Scott individually and EPlus, filed in the Commonwealth of Massachusetts, Superior Court, Suffolk County, Civil Action No. 1784-CV-02274 (the "Lawsuit"), under the policy issued to EPlus, Policy Number 103 GL 0015821-00, with an October 20, 2016 to October 20, 2017 policy period (the "Colony Policy"). Colony has agreed to provide EPlus with a defense for the time being, but must reserve its right to deny coverage and withdraw its defense of EPlus for the reasons set forth below.

Please note that Colony has not made a determination as to the truth of any allegations made or which may be made against EPlus. Colony assumes that EPlus may deny some or all of the allegations in the Lawsuit.  However, the allegations in the Lawsuit are important for determining the coverage obligations of Colony.

Colony is assuming that you are the person for EPlus authorized to address these insurance coverage issues. If that is incorrect, please notify us right away.

## I.    RELEVANT FACTS

### A.    <u>The Allegations in the Lawsuit</u>

The Lawsuit was filed on July 19, 2017.  The Plaintiffs are Edward Killian (the injured worker), Jessica Killian (Edward's wife) and Edward and Jessica Killian on behalf of their minor children (Judah and Matea Killian).  The Defendants are EPlus Solutions, LLC (a redeveloper of the property where the accident took place); Sage Builders, LLP (the general contractor), you (as

P.O. Box 469012        T  800.456.8458
San Antonio, TX  78246    F  303.773.7373
www.colonyspecialty.com

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 2

"resident agent" of Sage[1] and EPlus), Transformations, Inc. (a co-redeveloper), and Robert Carter Scott (as resident agent of Transformations).

The Lawsuit claims that, on December 20, 2016, under the control and supervision of the Defendants, Edward Killian was performing construction work for the "Greek Revival" project located in the area of 152 to 158 Highland Street, Roxbury, Massachusetts, on behalf of his employer, Placetailor, Inc. Mr. Killian had been standing on a large metal plank known as a "pick" that was supported by a series of wall brackets. Under the supervision and/or in the presence of the Defendants, at least one of the brackets broke free from its position causing the entire pick to collapse and Mr. Killian to fall approximately 20 feet to the ground and suffer bodily injury. The Lawsuit prays for damages in excess of $106,604.52.

The Lawsuit was served on Jonathan Kantar on August 31, 2017, and on EPlus Solutions on September 1, 2017.

B.      Notice to Colony

Colony received notice of the Lawsuit on September 5, 2017. Colony was advised that service of the Lawsuit was the first notice to EPlus of the December 20, 2016 incident. Colony was further advised that EPlus is the project developer, owns the subject property, and retained Placetailor as the project's general contractor.

In light of the deadline for an answer to be filed by EPlus, Colony assigned the defense of EPlus to William Joseph Flanagan, Esq., of Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210, Phone 617-737-8829. Attorney Flanagan appeared in the Lawsuit on behalf of EPlus on September 22, 2017.

C.      Tender of the Lawsuit to Penn-America

Pursuant to the indemnity and additional insured provisions of the contract between EPlus and Placetailor, on September 13, 2017, Colony placed Placetailor and its insurer, Penn-America Insurance Company on notice of the Lawsuit and requested that they defend, indemnify

---

[1] The Plaintiffs have sued "Sage Builders, LLP." We understand that EPlus is in partnership with an entity named Sage Builders, LLC, and that this entity is a partner with EPlus and was a contractor on the project at issue. Thus, it appears that the Plaintiffs have sued the wrong "Sage." We further understand that Sage Builders, LLC, has its own insurance policy and that you have put that insurer on notice of the Lawsuit. As such, when referring to you in this letter we are only referring to you as "resident agent" of EPlus not as to your role as "resident agent" of Sage Builders, LLP, or Sage Builders, LLC.

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 3

and hold harmless EPlus, and provide coverage for EPlus as additional insureds under the Penn-America insurance policy issued to Placetailor.

On September 30, 2017, counsel for Penn-America sent a letter denying any duty to defend or indemnify Placetailor for any claim by EPlus against Placetailor and denied that EPlus was an additional insured under the Penn-America Policy. According to Penn-America, there is no coverage for the Lawsuit based on an endorsement, "EXCLUSION-INJURY TO EMPLOYEES, WORKERS OR CONTRACTED PERSONS OF INSUREDS OR CONTRACTED ORGANIZATIONS" ("Contractor Exclusion"), which excludes any claim involving injury to an employee of Placetailor where the injury: (i) arises out of and in course of performing duties related to Placetailor's business; (ii) arises out of work that any insured has the authority to supervise or control; or (iii) is sustained by an employee of an organization that contracted with any insured for services or with others on any insured's behalf for services, arising out of and in the course of employment by that organization or performing duties related to the conduct of the organization's business. Penn-America also denied that EPlus was an additional insured as EPlus was not listed in an endorsement to the Penn-America Policy. In any event, even if EPlus was an additional insured, the Lawsuit was not covered by the Penn-American Policy due to the Contractor's Exclusion.

On October 3, 2017, counsel for Penn-America sent another letter acknowledging that an endorsement to the policy included EPlus as an additional insured, but that the Contractor's Exclusion still excluded any coverage for the claims in the Lawsuit. Copies of Penn-America's two denial letters are enclosed for your review.

According to an adjuster for the Workers' Compensation carrier, there is a lien in the amount of $172,959.11, and it appears the Plaintiffs may claim that Mr. Killian will not be able to return to the workforce as a result of his injuries.

## II.     RELEVANT COLONY POLICY PROVISIONS

Colony issued a general liability policy, Policy No. 103 GL 0015821-00 to EPlus, effective October 20, 2016 to October 20, 2017. The Policy contains a $1,000,000 liability limit with a $2,500 deductible per occurrence. For ease of reference, this letter contains relevant excerpts from your policy. We encourage you to read your policy in its entirety.

The Colony Policy contains the following Insuring Agreement, in relevant part:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY … LIABILITY**
> **1.      Insuring Agreement**

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 4

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A[, **B** or **C**].

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

The Colony Policy includes Endorsement U650-0116, which states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION – DESIGNATED ONGOING OPERATIONS AND PRODUCTS-COMPLETED OPERATIONS HAZARD

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| **Descriptions of Designated Operation(s): …** |
| --- |
| … |

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 5

> 2. All work or activities performed by subcontractors, or on behalf
> of subcontractors, in which the named insured directly contracted or
> hired or paid or remitted payment, directly or indirectly, except for
> the following directly contracted company: NONE HAVE BEEN
> APPROVED. Receipt, review and approval of the contract and
> insurance coverage for the selected General Contractor are required
> by the carrier in order for us to designate the General Contractor.
> Until such time as the carrier has approved the General Contractor,
> all contractors directly or indirectly contracted or paid by the named
> insured are subject to Form U658, No Coverage Applies if
> Contractor Conditions Not Met. …
>
> **Specified Location (If Applicable):**
>
> 152-154 Highland Street, Boston, MA 02119
>
> 156-158 Highland Street, Boston, MA 02119

**SECTION I – COVERAGES, COVERAGE A – BODILY
INJURY … LIABILITY, 2. Exclusions** ... [is] amended and the
following is added:

This insurance does not apply to "bodily injury" … arising out of
the operations described in the SCHEDULE above.

… If a specific "location" is designated in the SCHEDULE above,
this exclusion applies only to the described operations conducted at
that "location." …

The Colony Policy includes Endorsement U658-0315, which states:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
**NO COVERAGE APPLIES IF CONTRACTOR
CONDITIONS NOT MET**

A.    **SECTION IV – COMMERCIAL GENERAL
LIABILITY CONDITIONS** is amended and the following added:

**No Coverage Applies If Contractor Conditions Not Met**

As a condition precedent to any rights the insured may have under
this Policy, the insured must comply with all of the conditions

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 6

enumerated below.  The insured agrees that we need not
demonstrate any prejudice to us as a result of the insured's failure
to comply with any of the below conditions in order to enforce
those conditions precedent to coverage.

If prior to the commencement of any work, the insured fails to
comply with the below conditions, any claim in which a
"contractor" whose work directly or indirectly gives rises to the
claim will not be payable under this Policy. We will have no
obligation to either defend or indemnify the insured for any claims
or legal actions brought against any insured.

The insured hereby warrants and agrees that any "contractor" has
complied with all of the following conditions prior to the
commencement of any work performed:

**(1)** The "contractor" has signed and executed an agreement
with the insured which contains the following provisions:

    **(a)** ahold harmless agreement indemnifying the insured,
to the fullest extent permitted by law, against all
losses arising out of the work performed by or on
behalf of any such "contractor," including all
expenses and legal fees incurred to defend claims
alleging such losses; and

    **(b)** a requirement for the "contractor" to name the
insured as an Additional Insured under their
Commercial General Liability policy;

**(2)** The "contractor" has maintained "adequate insurance;"

**(3)** The "contractor" has provided the insured with current
Certificates of Insurance evidencing Commercial General
Liability and Workers' Compensation and Employer's
Liability coverage; and

**(4)** All documents required must be kept on file and made
available at our request.

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 7

Nothing contained herein shall be held to vary, waive or extend any of the terms of the conditions, provisions, agreements or limitations of this Policy other than as stated below.

B.   As used in this endorsement, **SECTION V – DEFINITIONS** is amended to include the following:

1.   "Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier with an A.M. Best rating of not less than A- VII and which:

   a.   remains in force and effect from the date in which the contract for work being performed for the insured or on the insured's behalf is executed until the date in which the work is completed and the insurance is not cancelled, discontinued nor does not expire during this period of time;

   b.   provides Commercial General Liability Limits of Insurance for such operations that are equal to or greater than the following Limits of Insurance;

      i.    Each Occurrence Limit: $2,000,000
      ii.    General Aggregate Limit: $3,000,000
      iii.   Products/Completed Operations Aggregate Limit: $3,000,000

   c.   provides Workers' Compensation and Employer's Liability insurance in compliance with the statutes of the applicable state;

   d.   includes coverage for work being performed for the insured or on the "contractor's" behalf;

   e.   does not exclude any claim, suit, loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor" where the exclusion does not provide an exception for liability assumed by the insured under an "insured contract;"

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 8

      f.    does not contain any conditions or provisions that preclude coverage based on requirements for hiring or contracting with subcontractors or independent contractors; and

      g.    does not exclude any claim, suit, loss, cost or expense arising out of any "bodily injury" or "property damage" arising out of work being contracted to be performed by or performed by the "contractor."

   2.    "Contractor" means contractors, subcontractors, independent contractors or any other person or entity hired to perform work for the insured or on the insured's behalf.

   3.    "Worker" means any "employee", "temporary worker", "leased worker", volunteer, apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired or retained by them, that performs work, whether directly or indirectly, for any "contractor".

## III.    RESERVATION OF RIGHTS

    A.   <u>Endorsement U650-0116</u>

Coverage under the Colony Policy is subject to Endorsement U650-0116, Exclusion – Designated Ongoing Operations and Products-Completed Operations Hazard. The endorsement excludes from coverage bodily injury arising out of certain operations at 152-154 and 156-158 Highland Street, Boston, MA. Specifically, the endorsement excludes bodily injury arising out of work or activities performed by or on behalf of subcontractors in which EPlus directly contracted or hired or paid or remitted payment, directly or indirectly. While the endorsement includes a place to designate a subcontractor or subcontractor(s) to be exempted from the exclusion, the endorsement states no subcontractors have been approved. The endorsement further states that Colony must receive, review and approve the contract and insurance coverage for the selected General Contractor in order for Colony to designate the General Contractor in the endorsement, and that until Colony has approved the General Contractor, all contractors directly or indirectly contracted or paid by EPlus are subject to Endorsement U658-0315, No Coverage Applies If Contractor Conditions Not Met.

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 9

Here, it appears that EPlus directly or indirectly hired or paid Placetailor and there was bodily injury arising out of work or activities of Placetailor, such that there is no coverage. Placetailor is not listed as an approved subcontractor and/or the General Contractor in the endorsement. Therefore, Colony is reserving its rights to deny coverage for EPlus under Endorsement U650-0116 alone and/or in conjunction with Endorsement U658-0315. Specifically, Colony reserves its right to deny coverage, withdraw its defense, and seek reimbursement of defenses fees and expenses from EPlus, if it is determined that there is no coverage for this claim.[2]

B.       Endorsement U658-0315

Coverage under the Colony Policy is also subject to Endorsement U658-0116, No Coverage Applies If Contractor Conditions Note Met. In the endorsement, EPlus warrants and agrees that any "Contractor" who is "hired to perform work for the insured or on the insured's behalf" has complied with the following conditions prior to the commencement of any work performed: (1) the contractor has signed and executed an agreement with the insured (EPlus) which contains a hold harmless agreement indemnifying the insured to the fullest extent permitted by law against all losses arising out of the work performed by or on behalf of any such contractor including all expenses and legal fees incurred to defend claims alleging such losses, and a requirement for the contractor to name the insured as an additional  insured under their commercial general liability policy; (2) the contractor has maintained adequate insurance; and (3) the contractor has provided the insured with current Certificates of Insurance evidencing the Commercial General Liability, and Employer's Liability coverage. EPlus further warrants and agrees that all required documents must be kept on file and available upon request. Importantly, the endorsement defines the term "adequate insurance" to include Commercial General Liability Insurance and Employer's Liability Insurance, which: (i) includes coverage for work being performed for the insured or on the contractor's behalf; (ii) *does not exclude* any claim, suit, loss, cost or expense arising out of any bodily injury to any worker of the contractor where the exclusion does not provide an exception for liability assumed by the insured under an insured contract; *and* (iii) *does not exclude* any claim, suit, loss, cost or expense arising out of any bodily injury arising out of work being performed by the contractor.

Endorsement U658-0315 further provides that as a condition precedent to any rights EPlus may have under the Colony Policy, EPlus must comply with the conditions set forth above, and that Colony need not demonstrate prejudice as a as a result of EPlus' failure to comply with said conditions in order to enforce the conditions precedent to coverage. The

---

[2] Colony acknowledges that you have stated that Colony reviewed the contract between EPlus and Placetailor and the insurance policy for Placetailor, and approved Placetailor as a contractor. Colony is investigating those issues.

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 10

endorsement further provides that if EPlus fails to comply with the conditions prior to the commencement of any work: (a) any claim in which a contractor whose work directly or indirectly gives rise to the claim will not be payable under the Colony Policy; and (b) that Colony will have no obligation to either defend or indemnify the insured for any claims or legal actions brought against the insured.

Here, Placetailor appears to be a "Contractor," and Mr. Killian is a worker, as those terms are defined in Endorsement U658-0315 to the Colony Policy. The conditions in the endorsement required that Placetailor obtain a policy of insurance which included EPlus as an additional insured **and** covers claims against EPlus for injuries to Placetailor's employees. Penn-America has denied the tender of EPlus based on the Penn-America Policy endorsement excluding coverage for injury to a Placetailor employee, such as Mr. Killian.

Based on the position taken by Penn-America, it appears that the contractor conditions set forth in Endorsement U658-0315 were not met. Colony is reserving its rights to deny coverage for EPlus under Endorsement U658-0315. Specifically, Colony reserves its right to deny coverage, withdraw its defense, and seek reimbursement of defenses fees and expenses from EPlus, if it is determined that there is no coverage for this claim.

C.     Liability Limit

The Insuring Agreement provides that Colony will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury to which the Colony Policy applies. However, the amount Colony will pay for damages is limited to the $1 million liability limit. Further, any duty to defend ends if and when Colony uses the $1 million liability limit to pay a judgment or settlement.

The claims set forth in the Lawsuit could give rise to damages that exceed $1 million. In the event it is determined that Colony owes EPlus a defense and indemnity under the Colony Policy, Colony will be unable to pay any damages that exceed the $1 million liability limit. Further, any duty to defend which Colony may have would end if Colony tenders the $1 million limit to pay a judgment or settlement.

If you have any additional insurance coverage, you should notify your carriers of the Lawsuit immediately. If you do not have additional coverage, you may wish to retain your own counsel, at your own expense, to represent your interests that may be in excess of the available coverage limits. We are not suggesting or recommending that you hire your own counsel, but we are reminding you that you do have the right to do so if you so desire. Colony will cooperate with anyone representing your excess exposure.

IV.     **CONCLUSION**

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 11

This letter is written to notify EPlus Solutions LLC and you that Colony is reserving its rights and defenses under the terms, conditions and provisions of the Colony Policy. Colony recommends that you consult with a lawyer as to these insurance coverage issues, at your own expense. Colony will be happy to address these issues with such counsel, if you hire one.

Colony is still investigating the coverage for this Lawsuit. As such, Colony may be asking you for additional documents and information in the future.

No action taken by Colony, its agents, representatives, or attorneys in the investigation, defense, evaluation, monitoring or attempt to resolve this claim should be considered an estoppel or waiver of any Colony Policy provision or defense to coverage that may be available now or at any time, or of Colony's right to assert that no coverage is available at a later time with regard to exclusions from, conditions precedent to and/or limitations of, insurance coverage described herein or later discovered in the course of handling this claim. Colony reserves its rights to deny coverage for any and all claims which are not covered by the Policy. Colony also reserves its rights to assert additional defenses to coverage. Colony reserves all rights under the Colony Policy to change, amend or supplement this reservation of rights and disclaim coverage.

As you are aware, Colony has retained William Joseph Flanagan, Esq., of Morrison Mahoney LLP, to provide EPlus and you (solely a "resident agent" of EPlus, and not as "resident agent" of Sage Builders, LLP) with a defense under a reservation of rights. However, by retaining counsel, Colony is not waiving its rights to withdraw its defense at a later date if there is no duty to extend coverage under the Policy to the claims and Lawsuit at issue here, in whole or in part. Colony also reserves its right to seek reimbursement of any fees and costs incurred by Colony for the defense of EPlus Solutions LLC and you in the Lawsuit.

If you receive an amended lawsuit, or if you have or receive additional information regarding the incident or Lawsuit or relevant to coverage that you would like us to consider, please contact us immediately by the fax, e-mail, or postal address below so that we may review it with regard to our determination on coverage. It is important that we receive any such paperwork promptly.

| | |
|---|---|
| **FAX:** | 303.773.7373 |
| **MAIL:** | P.O. Box 469012, San Antonio, TX 78246 |
| **E-MAIL:** | mail@colonyspecialty.com |

Colony values you as a customer and encourages you to contact the undersigned if you have any questions or concerns regarding the contents of this letter. Thank you for your cooperation.

Jonathan Kantar
EPlus Solutions LLC
Claim No.: L-099-1008993
December 5, 2017
Page 12

Sincerely,

*Cindi Skowronski*

Cindi Skowronski
Senior Technical Specialist
Colony Insurance Company

312-849-6911
mail@colonyspecialty.com

cc:     Johnson and Johnson
        200 Wingo Way
        Suite 200
        Mt. Pleasant, SC  29464

        Joseph Flanagan, Esquire
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA  02210

        Tom Messier, VP
        Construction Industry Services Practice Leader
        Mason and Mason Insurance Agency
        458 South Avenue
        Whitman, MA  02382